People v Adams (2022 NY Slip Op 01894)





People v Adams


2022 NY Slip Op 01894


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, WINSLOW, AND BANNISTER, JJ.


8 KA 17-00047

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH J. ADAMS, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered November 1, 2016. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law
§ 140.25 [2]). We affirm.
Defendant's legal sufficiency contention is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492 [2008]). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Cole, 162 AD3d 1219, 1223-1224 [3d Dept 2018], lv denied 32 NY3d 1002 [2018]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's contention, County Court properly gave a motive instruction (see generally People v Drake, 7 NY3d 28, 33 [2006]; People v Fitzgerald, 156 NY 253, 258 [1898]). We note that the court did not affirmatively "instruct[ ] the jury to consider motive," as defendant claims; rather, the court merely allowed the jury to consider motive in evaluating whether the People met their burden of proof. Moreover, because it is undisputed that the tenants of the burglarized apartment were the rightful owners of the property stolen therefrom, we reject defendant's further contention that the court improperly allowed the People to refer to those tenants as "victims" (cf. People v Horton, 181 AD3d 986, 990 [3d Dept 2020], lv denied 35 NY3d 1045 [2020]). Nor did the court "abuse its discretion in permitting the prosecutor to recall a witness well before the close of the People's case . . . to address an identification issue" not adequately addressed during the witness' original testimony (People v Guitierrez, 74 AD3d 1834, 1834 [4th Dept 2010], lv denied 15 NY3d 852 [2010]; see People v Guiterrez, 270 AD2d 184, 184 [1st Dept 2000]).
The sentence is not unduly harsh or severe. Finally, the certificate of conviction and the uniform sentence and commitment form must be corrected to reflect that defendant was convicted upon a jury verdict, not upon his guilty plea.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court